UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JUSTIN CASTRO,<br><br>　　　　　　　　　　　　Defendant. | Case No. 2:17-cr-00103-KJD-VCF<br><br>**ORDER DENYING IN PART DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

　　　　Before the Court are Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF #188) and Defendant's Motion for Appointment of Counsel (ECF #195). The Court orders the government to respond to Castro's ineffective assistance of counsel claim.

　　I.　　Factual and Procedural Background

　　　　In June 2018, Defendant Justin Castro ("Castro") pleaded guilty to three counts of interference with commerce by robbery and one count of possession of a firearm during and in relation to a crime of violence. (ECF #89, at 4). The plea agreement states that Castro pleaded guilty "because he [was], in fact and under the law, guilty of the crimes charged." Id. at 5. Castro also admitted, under penalty of perjury, the facts underlying the charges. Id.

　　　　On March 13, 2017 Castro and two co-defendants entered a Lowe's Home Improvement store in Las Vegas. Id. Castro was armed with a semi-automatic handgun, openly carried in a holster on his hip. Id. They grabbed a Kobalt tool bag, valued at $239.00 and walked to the exit. Id. When an employee confronted Castro about the theft, Castro placed his hand on the gun and said, "move out of the way or get shot." Id. at 6. Six days later, on March 19, 2017, Castro and his co-defendants executed their scheme again at the Home Depot. Id. Castro was armed with the semi-automatic handgun holstered on his hip. Id. Castro and a co-defendant grabbed a drill set valued at $229.00 and headed for the exit with Castro's hand placed on the gun. Id. An employee

attempted to confront them about the theft until realizing Castro was armed. Id. Thirty minutes later, Castro and his co-defendants entered another Home Depot location in Las Vegas and committed another robbery. Id. Castro, again armed with the semi-automatic handgun holstered on his hip, walked out of the store with a drill set. Id. When an employee confronted them, Castro pulled the gun out of the holster, pointed it at the employee, and told him to "back off." Id. Castro's co-defendants were eventually apprehended and arrested after a high-speed vehicle chase while Castro was arrested two days later. Id. at 7.

The Court accepted Castro's guilty plea and sentenced him to 135 months, per count, for counts 2, 4, and 6 (interference with commerce by robbery) to run concurrently with each other and 84 months on count 7 (use of a firearm during and in relation to a crime of violence) to run consecutively to all other counts. (ECF #132, at 2). The overall sentence was 219 months, to run concurrently with any underlying state sentences. Id. Castro filed his § 2255 motion *pro se* on February 3, 2020. (ECF #188). Castro's motion lists two grounds for relief: ineffective assistance of counsel and improper sentence because Hobbs Act robbery is not a crime of violence. Id. at 4, 5, 17. Castro then filed his motion for appointment of counsel on December 14, 2020. (ECF #195). Castro argues he deserves counsel because he is not proficient in the law, cannot articulate his legal claims sufficiently, and has had inadequate access to legal resources during the COVD-19 pandemic. Id. at 1–2.

  II.  Legal Standard

Title 28 U.S.C. § 2255 allows a defendant in federal custody to challenge his conviction on the grounds that it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Though § 2255 allows certain collateral attacks to a judgment of conviction, it is not intended to give criminal defendants multiple opportunities to challenge their sentences. United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir. 1985). Rather, § 2255 limits relief to cases where a "fundamental defect" in the defendant's proceedings resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974). That limitation is based on the presumption that a defendant whose conviction has been upheld on direct appeal has been fairly and legitimately convicted. United States v. Frady, 456 U.S. 152,

164 (1982).

The Court assumes that a judgment of conviction is valid once a defendant has waived or completed his appeal. Id. For that reason, the United States need not respond to a § 2255 petition until ordered to do so. Rule 4(b) of the Rules Governing § 2255 Petitions requires the Court to promptly review each § 2255 petition. If the Court cannot summarily dismiss the petition, it must order the United States attorney to respond. After reviewing the government's response, the Court must hold an evidentiary hearing unless the record makes clear that the petitioner is not entitled to relief. United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir. 1988). Alternatively, the Court may dismiss the petition without response or hearing if it is clear from the record that the petitioner does not state a claim for relief or if the claims are frivolous or palpably incredible. United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989) (citing Baumann v. United States, 692 F.2d 565, 570–71 (9th Cir. 1982)).

    III.    Analysis

The Court construes a *pro se* motion liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . ."). However, the Court "lacks the power to act as a party's lawyer, even for *pro se* litigants." Bias v. Moynihan, 508 F.3d 1212, 1219 (9th Cir. 2007). Construing his motion liberally, the Court finds that Castro is not entitled to § 2255 relief for his claims that he is factually innocent of possession of a firearm during and in relation to a crime of violence because Hobbs Act robbery is not a crime of violence. However, Castro has raised a question deserving of governmental response on his ineffective assistance of counsel claim. Additionally, the Court finds that Castro does not warrant appointment of counsel.

A § 2255 claim comes with a one-year limitation. 28 U.S.C. § 2255(f). The limitation period runs from the latest of "the date on which the judgment becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court" among other dates. Id. at § 2255(f)(1), (3). Castro's judgment became final on November 16, 2018, more than one year before he filed his petition. However, Castro's claims arise from Supreme Court decisions that recognized rights. Castro argues that his sentence is unconstitutional because Hobbs Act robbery

is not a crime of violence and the Supreme Court recognized that right in its United States v. Davis opinion on June 24, 2019. 139 S. Ct. 2319 (2019). Castro also argues that he experienced ineffective assistance of counsel when his attorney refused to file an appeal after Castro requested it. The Supreme Court recognized that right in Garza v. Idaho, 139 S. Ct. 738 (2019). Because Castro filed his motion within one year of those decisions, his motion is timely.

Castro's first claim for relief is that he is "actually, factually, and legally innocent of his [sic] 18 U.S.C. § 924(c) conviction." Castro argues that the Supreme Court held in Davis that Hobbs Act robbery is not a crime of violence and his conviction for possession of a firearm during and in relation to a crime of violence is invalid because there was no crime of violence. However, Hobbs Act robbery is a crime of violence. The Ninth Circuit reiterated that holding in 2020, after the Supreme Court's Davis decision. The Ninth Circuit held that "[i]n light of recent Supreme Court cases, we also reiterate our previous holding that Hobbs Act armed robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A)." United States v. Dominguez, 954 F.3d 1251, 1255 (9th Cir. 2020). The court continued, stating that "[b]ecause completed Hobbs Act robbery is a crime of violence under § 924, attempted Hobbs Act robbery is also a crime of violence." Id. at 1261. Because Hobbs Act robbery is a crime of violence, Castro's § 2255 claim regarding the lack of an underlying crime of violence is denied.

Castro's second claim is that he suffered ineffective assistance of counsel when his attorney refused to file a notice of appeal after Castro requested that he do so. Castro cites Garza v. Idaho for the proposition that an attorney's failure to file an appeal upon request of his client, even after agreeing to a plea agreement that waived his right to appeal, is professionally unreasonable and causes a defendant to miss out on a potential appeal. The Garza court held that when "a defendant has expressly requested an appeal, counsel performs deficiently by disregarding the defendant's instructions." Id. at 746. The defendant "retained a right to appeal at least some issues despite the waivers he signed. In other words, Garza had a right to a proceeding, and he was denied that proceeding altogether as a result of counsel's deficient performance." Id. at 747. The Garza court concluded that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the

defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal, with no need for a further showing of his claims' merit, regardless of whether the defendant has signed an appeal waiver." Id. Castro claims he requested that his attorney file a notice of appeal, but his requests were ignored. If so, Castro may be entitled to an appeal without having to show the merits of such an appeal. Before making a ruling on this claim, the Court orders the government to respond to Castro's § 2255 motion regarding the argument based on Garza v. Idaho.

Finally, "[t]here is no right to counsel in postconviction proceedings." Garza, 139 S. Ct. at 749. The Supreme Court has established "that the right to appointed counsel extends to the first appeal of right, and no further." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Garza was able to appropriately present his arguments when the Court construed them liberally. Garza's argument that the COVID-19 pandemic prevented him from having meaningful access to legal resources is unpersuasive because he filed his motion in February 2020 before the pandemic began. See Helen Branswell and Andrew Joseph, WHO Declares the Coronavirus Outbreak a Pandemic, STAT (March 11, 2020), https://www.statnews.com/2020/03/11/who-declares-the-coronavirus-outbreak-a-pandemic/ (last visited April 8, 2021) (stating that the World Health Organization declared the COVID-19 outbreak a pandemic in March 2020). Castro does not allege that his access to legal resources was limited prior to the pandemic and has been able to present his arguments sufficiently to the Court. As such, Castro's motion for appointment of counsel is denied. If his § 2255 motion leads to an appeal, it would be his first appeal of right and Castro would be entitled to counsel. Finley, 481 U.S. at 555.

//
//
//
//
//
//
//

//

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence (ECF #188) is **DENIED** in part.

IT IS FURTHER ORDERED that Defendant's Motion for Appointment of Counsel (ECF #195) is **DENIED**.

IT IS FINALLY ORDERED that the government has 60 days to respond to the remaining claim in Castro's § 2255 motion.

Dated this 9th day of April, 2021.

_____
Kent J. Dawson
United States District Judge