UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>       v.<br><br>JUSTIN CASTRO,<br><br>                                    Defendant. | Case No. 2:17-cr-00103-KJD-VCF<br><br>**ORDER** |

Presently before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#188). Previously, the Court addressed this motion and ordered the Government to respond to Castro's ineffective assistance of counsel claim. (See #198). The Government has since filed a motion to dismiss, arguing that Castro's remaining claim is untimely. (See #200).[1] Alternatively, the Government seeks an order declaring that the attorney-client privilege between Castro and Miceli, Castro's appointed counsel for his change of plea and sentencing hearing, has been waived, in order to address Castro's arguments. Id. at 6.

I.      Factual and Procedural Background

In June 2018, Defendant pleaded guilty to three counts of interference with commerce by robbery and one count of possession of a firearm during and in relation to a crime of violence. (#89, at 4). The plea agreement states that Castro pleaded guilty "because he [was], in fact and under the law, guilty of the crimes charged." Id. at 5. Castro also admitted, under penalty of perjury, the facts underlying the charges. Id. On March 13, 2017, Castro and two co-defendants entered a Lowe's Home Improvement store in Las Vegas. Id. Castro was armed with a semi-automatic handgun, openly carried in a holster on his hip. Id. They grabbed a Kobalt tool bag, valued at $239.00 and walked to the exit. Id. When an employee confronted Castro about the theft, Castro placed his hand on the gun and said, "move out of the way or get shot." Id. at 6. Six days later, on March 19, 2017, Castro and his co-defendants executed their scheme again at the

---

[1] The docket also contains an additional motion by the Government. (#201). However, after reviewing the motion, the Court deems it a duplicate of the Government's Motion to Dismiss (#200).

Home Depot. Id. Castro was armed with the semi-automatic handgun holstered on his hip. Id. Castro and a co-defendant grabbed a drill set valued at $229.00 and headed for the exit with Castro's hand placed on the gun. Id. An employee attempted to confront them about the theft until realizing Castro was armed. Id. Thirty minutes later, Castro and his co-defendants entered another Home Depot location in Las Vegas and committed another robbery. Id. Castro, again armed with the semi-automatic handgun holstered on his hip, walked out of the store with a drill set. Id. When an employee confronted them, Castro pulled the gun out of the holster, pointed it at the employee, and told him to "back off." Id. Castro's co-defendants were eventually apprehended and arrested after a high-speed vehicle chase while Castro was arrested two days later. Id. at 7.

The Court accepted Castro's guilty plea and sentenced him to 135 months, per count, for counts 2, 4, and 6 (interference with commerce by robbery) to run concurrently with each other and 84 months on count 7 (use of a firearm during and in relation to a crime of violence) to run consecutively to all other counts. (#132, at 2). The overall sentence was 219 months, to run concurrently with any underlying state sentences. Id. Castro filed his § 2255 motion pro se on February 3, 2020. (#188). Castro's motion listed two grounds for relief: ineffective assistance of counsel and improper sentence because Hobbs Act robbery is not a crime of violence. Id. at 4, 5, 17.

In addressing Defendant's petition, the Court ruled that, since a Hobbs Act robbery constitutes a crime of violence, Castro's claim regarding a lack of an underlying crime of violence is denied. (#198, at 4). Regarding Castro's claim of ineffective assistance of counsel, the Court found it was timely filed based on the right recognized in Garza v. Idaho, 586 U.S. 232 (2019). Id. However, the Court held that a response from the Government was required before it could rule on the claim. Id. at 5. The Government responded with a motion to dismiss, arguing that Defendant's motion is untimely because Garza did not recognize a new rule of constitutional law. (#200, at 3).

II.     Legal Standard

Motions filed pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. 28

U.S.C. § 2255(f). The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. However, the one-year deadline for filing a § 2255 motion is subject to equitable tolling if movant can establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Movant bears the burden of showing that equitable tolling is appropriate. Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005).

III.   Analysis

As stated above, Castro's petition raised two grounds for relief: (1) he is "actually, factually, and legally innocent" of his 18 U.S.C. § 924(c) conviction, relying on United States v. Davis, 58 U.S. 445 (2019), and (2) his Fifth and Sixth Amendment rights were violated when his counsel failed to file a notice of appeal, relying on Garza, 586 U.S. at 243. (#188, at 4, 5). Castro's judgment became final on November 16, 2018, which was more than one year before he filed his petition.[2] Therefore, under § 2255(f)(1), Castro's petition was untimely. However, under § 2255(f)(3), the Court initially found Castro's motion timely based on new rights recognized in Garza and Davis. (See #198, at 3-4). The Government now argues that Castro can't rely on § 2255(f)(3) for timeliness because Garza did not recognize a new rule of constitutional law. (#200, at 4). The Court agrees and now addresses an error in its prior Order.

In determining the timeliness of these grounds for relief, while Castro's first claim was timely based on Davis, the Court erred in holding that Garza recognized a new right. (See #198, at 4). Instead, Garza reaffirmed an existing one. The Supreme Court's language in Garza makes

---

[2] Castro's motion is dated January 11, 2020, but was not deposited into the mail until January 29, 2020 (according to the postmark) and was not received and docketed until February 3, 2020. (See #188, at 1, 28, 29).

this clear: "we reaffirm that, when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal[.]" Garza, 586 U.S. at 243–44 (quotations omitted). Moreover, the Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). The Sixth Circuit has also affirmed this, stating, "Garza did not announce a new rule of constitutional law[.]" Whiteside v. United States, No. 20-6144, 2021 WL 1400908, at *2 (6th Cir. Feb. 12, 2021). In addition, while Castro's first ground for relief was timely under Davis, it does not render his second ground for relief timely. The one-year statute of limitations under § 2255 applies individually to each claim in a habeas application. See Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012).

Furthermore, Castro has not argued that he is entitled to equitable tolling. After the Government filed its motion, Castro filed a Motion to Inform (#222), claiming that the Government had not responded to the Court's Order. (See #222). The Government responded, specifically stating that Castro "must establish both that he diligently pursued his rights and that extraordinary circumstances exist in order for him to meet the 'very high' threshold for equitable tolling." (#223, at 2). In reply, Castro repeatedly argues that the Government is falsely claiming it has filed a response and asserts that his § 2255 motion is timely. (See #224). However, Castro fails to present any arguments that equitable tolling is appropriate, as he neither argues that he has been pursuing his rights diligently nor that some extraordinary circumstance prevented him from filing his motion on time. See id. Consequently, Castro has not established that he is entitled to equitable tolling, and his claim of ineffective assistance of counsel is untimely under 28 U.S.C. § 2255(f)(3).

IV.   Certificate of Appealability

Finally, the Court must deny a certificate of appealability. To proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b); 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950-951 (9th Cir. 2006); see also United

States v. Mikels, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. Allen, 435 F.3d at 948; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Allen, 435 F.3d at 951 (quoting Slack, 529 U.S. at 484). To meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Id. As Castro has not met his burden of demonstrating why equitable tolling is appropriate, reasonable jurists would not debate the Court's determination that Castro failed to pursue his appellate rights diligently and that his claim is untimely. Therefore, a certificate of appealability is not warranted.

### V. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#188) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Respondent against Movant in the corresponding civil action, 2:20-cv-00240-KJD, and close that case.

**IT IS FURTHER ORDERED** that Castro's Motion to Inform (#222) is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss (#200) is **GRANTED** in part, finding that Defendant's second ground for relief is untimely, and **DENIED** in part, with respect to the request to waive attorney-client privilege.

Lastly, **IT IS FURTHER ORDERED** that the Government's Motion for Order Deeming Attorney-Client Privilege Waived (#201) is **DISMISSED** as moot.

Dated this 9th day of September 2024.

_____
Kent J. Dawson
United States District Judge